**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ASIAN AMERICANS ADVANCING JUSTICE-CHICAGO, CHANGE ILLINOIS, CHICAGO VOTES EDUCATION FUND, COMMON CAUSE ILLINOIS, ILLINOIS COALITION FOR IMMIGRANT AND REFUGEE RIGHTS, and ILLINOIS PUBLIC INTEREST RESEARCH GROUP EDUCATION FUND, | |
| Plaintiffs, | Case No. 1:20-cv-01478 |
| | Judge Charles R. Norgle, Sr. |
| v. | Magistrate Judge Jeffrey I. Cummings |
| JESSE WHITE, in his official capacity as the Illinois Secretary of State, and ILLINOIS STATE BOARD OF ELECTIONS, | |
| Defendants. | |

## DEFENDANT JESSE WHITE'S PARTIAL MOTION TO DISMISS

Defendant Jesse White, by and through his attorney, Illinois Attorney General Kwame Raoul, moves to dismiss plaintiffs' state-law claims (Counts VI through VIII) as barred by the Eleventh Amendment. In support of this motion, he states as follows:

1. Plaintiffs have filed an eight-count complaint relating to voter registration in Illinois. Counts VI, VII, and VIII are state-law claims pursuant to Illinois' automatic voter registration statute, 10 ILCS 5/1A-16.1, against Jesse White, the Illinois Secretary of State, in his official capacity (and the Illinois State Board of Elections). *See* Dkt. No. 1 at ¶¶ 19, 121-124 (Count VI), 125-128 (Count VII), and 129-132 (Count VIII).

2.     Plaintiffs' state-law claims against Defendant White in his official capacity are barred by the Eleventh Amendment and should be dismissed.[1]   The Eleventh Amendment precludes claims in federal court against state officials acting in their official capacities.   *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-03 (1984).  While there is an exception under *Ex Parte Young* in certain suits seeking prospective injunctive relief, 209 U.S. 123, 155-57 (1908), this exception does not apply to state-law claims, which are barred regardless of the relief sought.  *Pennhurst*, 465 U.S. at 106.  As the Supreme Court has stated, "it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law."  *Id.*

3.     The Seventh Circuit and the Northern District of Illinois have consistently found that state agencies and officers are immune from state law-claims in federal court.  *See Bhalerao v. Ill. Dept. Financial & Professional Regulation*, No. 11–CV–7558, 2012 WL 5560887, at *8 (N.D. Ill. Nov. 15, 2012) (collecting cases); *see also David B. vs. McDonald*, 156 F.3d 780, 784 (7th Cir. 1998) ("Enforcement of state law against a state is not a task that the eleventh amendment permits a federal court to perform."); *Kasper v. Bd. of Elections Commissioners of the City of Chicago*, 814 F.2d 332, 342 (7th Cir. 1987) ("The district court has no supervisory powers and no authority to instruct the Board how to follow state law.").

4.     Accordingly, plaintiffs' state-law claims alleging violations of the AVR Statute, 10 ILCS 5/1A-16.1, should be dismissed.

---

[1] Defendant moves pursuant to Federal Rule of Civil Procedure 12(b)(6), or, in the alternative, Federal of Civil Procedure 12(b)(1).  *See Ind. Prot. & Advocacy Servs. v. Ind. Family & Soc. Servs. Admin.*, 603 F.3d 365, 370-71 (7th Cir. 2012) (noting that unusual nature of the Eleventh Amendment as it is both waivable and an issue the court may raise itself).

WHEREFORE, for the foregoing reasons, this Court should dismiss plaintiffs' claims in Counts VI, VII, and VIII.


Dated:  June 24, 2020


KWAME RAOUL
Attorney General of Illinois

Respectfully submitted,

*/s/ Michael T. Dierkes*

Michael T. Dierkes
Sarah H. Newman
Hal Dworkin
Office of the Illinois Attorney General
100 West Randolph Street, 13th Floor
Chicago, Illinois  60601
(312) 814-3672

Counsel for Defendant Jesse White