## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ASIAN AMERICANS ADVANCING JUSTICE CHICAGO, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 1:20-cv-01478 |
| JESSE WHITE, In his official capacity as the Illinois Secretary of State, and ILLINOIS STATE BOARD OF ELECTIONS, | ) ) ) ) ) | |
| Defendants. | ) ) | |

## DEFENDANT ILLINOIS STATE BOARD OF ELECTIONS' MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS

NOW COMES Defendant, Illinois State Board of Elections (ISBE or the Board), by and through its attorney, Kwame Raoul, Attorney General for the State of Illinois, and submits its memorandum of law in support of its motion to dismiss, stating as follows:

## INTRODUCTION

Plaintiffs Asian Americans Advancing Justice-Chicago, Change Illinois, Chicago Votes Education Fund, Common Cause Illinois, Illinois Coalition for Immigrant and Refugee Rights, and Illinois Public Interest Research Group Education Fund assert claims related to voter registration services pursuant to the National Voter Registration Act (NVRA), the Voting Rights Act (VRA), and the Automatic Voter Registration (AVR)provision of the Illinois Election Code. Plaintiffs' lengthy complaint fails to bring specific allegations against ISBE and thus must be dismissed as to that defendant pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Relatedly, Plaintiffs lack standing to assert a claim against ISBE, as they have not alleged any injury traceable to the Board. Finally, Plaintiffs' claims pursuant to the AVR statute are barred

because the Eleventh Amendment precludes claims in federal court that seek to compel state officials to comply with state law.

## FACTS

Plaintiffs filed their complaint on February 28, 2020. Doc. 1. Plaintiffs named Secretary of State (SOS) Jesse White, in his official capacity, and ISBE as defendants in this matter. *Id.* Plaintiffs allege Defendant ISBE is Illinois's chief election officer responsible for coordinating the State of Illinois's compliance with the Nation Voter Registration Act (NVRA). *Id.* at ¶ 18. Plaintiffs also state that ISBE and SOS are "responsible for ensuring the State's compliance with AVR during relevant transactions through driver's license offices . . . ." *Id.* at ¶ 20.

The crux of Plaintiffs' allegations lies in the alleged failure of SOS to implement voter registration procedures which comply with the NVRA, VRA, and the AVR statute. As Plaintiffs allege,

> [t]he current process for offering voter registrations during covered transactions as implemented by SOS personnel through driver's license offices, violates the NVRA, the VRA, and the AVR Statute, and frustrates Illinois citizens' ability to register to vote.

*Id.* at ¶ 43. Plaintiffs bring no specific allegations against Defendant ISBE.

In Count I, Plaintiffs allege Defendants have failed to comply with Section 5 of the NVRA, 52 U.S.C. § 20504, because they fail "to provide required voter registration services to recently naturalized citizens in non-Real ID transactions." Doc. 1 at ¶ 102. Plaintiffs allege the SOS's voter registration system fails to prompt SOS employees to ask people who have been identified as non-citizens between July 2016 and present about voter registration. *Id.* at ¶ 58. This failure of the SOS system, Plaintiffs allege, prevents recently naturalized citizens from getting simultaneous license registration and voter registration services as required by the NVRA. *Id.* Plaintiffs make no

allegation that ISBE is in any way involved in the failure to provide naturalized citizens with voter registration information.

In Count II, Plaintiffs allege Defendants have failed to provide certain information to potential voters as required by Section 5 of the NVRA, 52 U.S.C. § 20504. *Id.* at ¶ 102. To support this contention, Plaintiffs allege that non-REAL ID applicants "under the SOS's current system are never presented with a voter attestation statement that lists voter eligibility requirements" and are not provided with "NVRA-mandated disclosures." *Id.* at ¶¶ 59-60. Further, Plaintiffs allege the SOS does not ensure that signage at its locations set forth voter eligibility requirements and disclosures. *Id.* at ¶ 61. Plaintiffs makes no allegations that Defendant ISBE is responsible for providing information to applicants who enter SOS facilities, nor do Plaintiffs allege that ISBE is responsible for placing signage at those facilities.

Count III also lacks specific allegations against ISBE. Plaintiffs' allege individuals submitting a change of address to the SOS are required to go through a full voter registration process, which can cause frustration and lead to applicants' abandonment of the process. *See id.* at ¶¶ 64-66. Plaintiffs allege the failure to automatically update already-registered voters' addresses violates Section 5 of the NVRA, 52 U.S.C. § 20504. Doc. 1 at ¶ 110. Plaintiffs offer no allegation that ISBE is responsible for updating addresses in the SOS's system and do not allege that ISBE has the ability to do so.

Plaintiffs further allege "SOS asks individuals in duplicate to verify their age" and requires applicants to provide signatures multiple times during the voter registration process. *Id.* at ¶¶ 67-69. In Count IV, Plaintiffs allege these facts amount to a violation of Section 5 of the NVRA, 52 U.S.C. § 20504. *Id.* at ¶ 114. No allegations are brought against ISBE in this count.

In Count V, Plaintiffs allege Defendants fail to provide voter registration materials in certain minority languages as required by the VRA. *Id.* at ¶ 118. Again, these allegations address registration materials provided by the SOS; the count is devoid of allegations against ISBE.

Counts VI through VIII allege violations of the Illinois AVR statute. Federal courts do not have jurisdiction to compel state officials to comply with state law..

Moreover, these counts, like the others, contain no allegations against Defendant ISBE. For example, Count VI alleges that Defendants fail to inform individuals of their voter registration status. Doc. 1 at ¶ 122. Plaintiffs allege the AVR Statute requires that SOS personnel "inform all driver's license applicants about their voter registration status and registration address" but "SOS personnel are not consistently informing applicants of their voter registration status" and are not "asking applicants whether they want to register to vote." *Id.* at ¶ 62.

In Count VII, Plaintiffs allege Defendants violate the AVR statute by failing to "properly assess and transfer information on age eligibility and citizenship information." *Id.* at ¶ 126. To support this allegation, Plaintiffs cite alleged failures by the SOS. Plaintiffs allege SOS sends Defendant ISBE "a data file of all voter registrations and address updates" but has failed to "properly evaluate voter registration information and to transmit to [Defendant ISBE] relevant accurate voter registration information[.]" *Id.* at ¶¶ 81-82. Defendant ISBE is mentioned in this Count only inasmuch as Defendant Jesse White is alleged to have failed in his duties to send Defendant ISBE appropriate information. There are no allegations presented against Defendant ISBE.

Finally, in Count VIII, Plaintiffs' allege that that request for duplicative information during the voter registration process at SOS facilities violates the AVR statute. *Id.* at ¶ 130. As with Count

4

IV, which also addresses the requests for duplicative information, there are no allegations against ISBE.

Plaintiff seeks a declaration that both Defendants violated Section 5 of the NVRA, Section 203 of the VRA, and the AVR statute. *Id.*, at *Prayer for Relief*, ¶ i. Plaintiffs also request permanent injunctions and a mandated court plan to remedy past failures and ensure future compliance with the statutes at issue. *Id.* ¶¶ ii-iv. Plaintiffs further request that this court retain jurisdiction over this action to ensure compliance with any court orders. *Id.* at ¶ vi. Finally, Plaintiffs request costs and fees pursuant to 52 U.S.C. S 20510(c). *Id.* at ¶ v.

Defendant ISBE seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant may move for dismissal of a claim for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the complaint's sufficiency. Fed. R. Civ. P. 12(b)(6); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 820-21 (7th Cir. 2009). In ruling on a motion to dismiss under 12(b)(6), the court accepts as true all well-pleaded factual allegations and draws reasonable inferences in favor of the plaintiff. *McCauley v. City of Chicago,* 671 F.3d 611, 616 (7th Cir. 2011). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint may not merely state an "unadorned, the-defendant-unlawfully-harmed-me

accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do.'" *Id.* A complaint must contain allegations that "state a claim to relief that is plausible on its face." *Iqbal* at 663, *citing Bell At*lantic *Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, legal conclusions and "conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth." *Id.*

## ARGUMENT

### I.     Plaintiffs bring no factual allegations against Defendant ISBE.

As the Supreme Court has said, a complaint may not merely state an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Here, Plaintiffs' complaint does just that: Plaintiffs attribute the alleged harms to both SOS and ISBE, but there are no factual allegations and no allegations of wrongdoing by ISBE. Thus, the complaint should be dismissed as to that defendant.

Plaintiffs' complaint focuses on "[t]he current process for offering voter registrations during covered transactions *as implemented by SOS personnel through driver's license offices*." Doc. 1 at ¶ 43. Each allegation outlines SOS procedures and alleges how those procedures make it difficult, if not impossible in some instances, for individuals to register to vote. There is no allegation that ISBE failed in its duties, participated or directed any of the SOS procedures, or had any involvement whatsoever in the alleged violations. The failure to make any allegations against ISBE warrants dismissal as to that defendant.

### II.     Plaintiffs fail to state a claim against ISBE pursuant to the Voting Rights Act.

Plaintiffs have failed to state a claim for violation of Section 203 of the VRA as to ISBE. The VRA states, in pertinent part,

> Whenever any State or political subdivision subject to the prohibition of subsection (b) of this section provides any registration or voting notices, forms, instructions, assistance, or other materials or information relating to the electoral process, including ballots, it shall provide them in the language of the applicable minority group as well as in the English language.

52 U.S.C.A. § 10503 (West 2020). In Count V, Plaintiffs allege Defendants violate this provision by failing to provide certain voter registration materials in applicable minority languages. Specifically, Plaintiffs allege SOS personnel fail to translate oral questions regarding voter registration (Doc. 1 at ¶ 77), SOS fails to provide appropriate translations on electronic pin pads at SOS facilities (*id.* at ¶ 78), and SOS fails to have signage relating to voter registration at its facilities in the applicable minority languages (*id.* at ¶ 79). Plaintiffs do not allege that ISBE is the state agency which "provide[s]" these election materials; in fact, all of the materials at issue are, according to Plaintiffs' allegations, provided by SOS. As the complaint is devoid of an allegation that ISBE provided the registration materials at issue, Plaintiffs fail to state a claim that ISBE violated Section 203 of the VRA.

### III. Counts VI, VII, and VIII should be dismissed as to ISBE due to the State of Illinois' sovereign immunity under the Eleventh Amendment.

In Counts VI, VII, and VIII, Plaintiffs allege violations of the AVR, a state statute. These counts should be dismissed as, barring voluntary waiver or congressional override, ISBE cannot be sued in federal court. Neither exception applies here, and Plaintiff has not so alleged.

"[A] federal court lacks subject-matter jurisdiction to compel a state agency to adhere to state law." *Bates v. Johnson*, 901 F.2d 1424, 1428 (7th Cir. 1990). In *Pennhurst State Sch. & Hosp. v. Halderman*, the U.S. Supreme Court stated that "a federal suit against state officials on the basis of state law contravenes the Eleventh Amendment when—as here—the relief sought and ordered has an impact directly on the State itself." 465 U.S. at 117. The Supreme Court explained "it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state

officials on how to conform their conduct to state law" and reasoned that this result would "conflict[ ] directly with the principles of federalism that underlie the Eleventh Amendment." *Id.* at 106. The Eleventh Amendment bar applies even when the offending state law claims are asserted in the same suit as federal law claims over which the court has original jurisdiction. *Id.* at 119–21. The Seventh Circuit and courts in this district routinely apply this doctrine to dismiss state law claims against Illinois officials, e.g., *Sorrentino v. Godinez*, 777 F.3d 410, 415 (7th Cir. 2015); *Sterigenics U.S., LLC v. Kim*, 385 F. Supp. 3d 600, 607–10 (N.D. Ill. 2019).

Furthermore, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Bd. of Regents of Univ. of Wis. Sys. v. Phx. Int'l Software, Inc.*, 653 F.3d 448, 457 (7th Cir. 2011).  A state may "claim immunity from suit in federal court and may be dismissed from a litigation," *Kroll v. Bd. of Trustees of Univ. of Illinois*, 934 F.2d 904, 907 (7th Cir. 1991), absent voluntary waiver or valid congressional override. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985). For the purpose of sovereign immunity, "[s]tate agencies are treated the same as states." *Kroll*, 934 F.2d at 907.

ISBE is an agency of the state of Illinois, and is thus immune from suit as to Counts VI, VII, and VIII. *See e.g. Kuna v. Illinois Bd. of Elections*, 821 F. Supp. 2d 1060, 1065 (S.D. Ill. 2011); *Smith v. Boyle*, 959 F. Supp. 982, 986 (C.D. Ill. 1997), *aff'd as modified*, 144 F.3d 1060 (7th Cir. 1998). As the State has not consented to suit in this matter and Congress has not overridden the State's immunity (and Plaintiffs have not so alleged), Plaintiffs' Counts VI, VII, and VIII should be dismissed as to ISBE.

The jurisdictional bar proscribed by the Eleventh Amendment applies to suits against State agencies regardless of the nature of relief sought. *Missouri v. Fiske*, 290 U.S. 18, 27 (1933) ("Expressly applying to suits in equity as well as at law, the Amendment necessarily embraces

8

demands for the enforcement of equitable rights and the prosecution of equitable remedies when these are asserted and prosecuted by an individual against a State"). That Plaintiffs seek equitable relief does not save Counts VI, VII, and VIII from dismissal as to ISBE. *Smith*, 959 F. Supp. at 986 ("Plaintiffs' argument that the Eleventh Amendment is inapplicable to the case at bar because they are seeking injunctive, rather than monetary, relief is not persuasive.").

**IV.    Alternatively, Plaintiffs fail to state a claim against ISBE pursuant to the AVR.**

As argued above, Plaintiffs' counts pursuant to the AVR statute should be dismissed due to sovereign immunity and because the claims do not include *any* factual allegations against ISBE; alternatively, Plaintiffs fail to state a claim pursuant to the AVR.  Counts VI through VIII allege both Defendants have violated, and continue to violate, the Illinois AVR. Yet the provisions which Plaintiffs allege have been violated are directed solely at SOS; none of the cited provisions regulate ISBE activity. There is no claim against ISBE where ISBE has not and cannot violate the cited provision.

In Count VI, Plaintiffs allege a violation of Section 1A-16.1(c), which states, "[t]he Office of the Secretary of State shall review information provided to the Office of the Secretary of State by the State Board of Elections to inform each applicant . . .  whether the applicant is currently registered to vote in Illinois and, if registered, at what address." 10 ILCS 5/1A-16.1(c) (West 2020). While this provision mentions ISBE, it does so only inasmuch as it directs SOS to review information provided by ISBE. The provision specifically directs the conduct of SOS; ISBE's conduct is not at all regulated in Section 1A-16.1(c). Thus, no violation has been alleged and Count VI should be dismissed as to ISBE.

Counts VII and VIII should similarly be dismissed as to defendant ISBE. Plaintiffs allege violations of Section 1A-16.1(d), (e), and (f) in Count VII; Count VIII alleges violations of Section

1A-16.1(d). Again, none of the cited provisions direct ISBE's activities.   Section 1A-16.1(d) prohibits SOS from requiring an applicant for a driver's license or State identification card to provide duplicate information in order to register to vote. 10 ILCS 5/1A-16.1(d). The section further requires SOS to review its records and "confirm that nothing in those documents indicates that the applicant does not satisfy the qualifications to register to vote in Illinois at his or her residence address." *Id.* Upon completion of this review, SOS, is required to transmit personal information about the applicant to ISBE. *Id.* While ISBE is *mentioned*, the provision does not direct ISBE's conduct.

Section 1A-16.1(e) is merely definitional: it explains that a completed application for a drivers' license or state identification card or certain applications described elsewhere in the AVR, shall constitute an application to register to vote. 10 ILCS 5/1A-16.1(e).

Section 1A-16.1(f) requires SOS to transmit certain information to ISBE for all applications to register to vote. 10 ILCS 5/1A-16.1(f). ISBE is mentioned only to direct SOS to provide ISBE with certain information.

Because none of the cited provisions direct ISBE's conduct, there can be no allegations of violations by that defendant. Indeed, Plaintiffs do not attempt to allege wrongdoing by ISBE in Counts VI through VIII. Plaintiffs' failure to state a claim pursuant to the AVR as to ISBE warrants dismissal of Counts VI through VIII.

**V.     Because Plaintiffs' complaint lacks any allegations against ISBE, Plaintiffs lack standing to bring a claim against that defendant.**

From the standpoint of Article III standing requirements, there is no showing in the complaint of any activity by the ISBE which has either directly or indirectly injured Plaintiffs. Thus, Plaintiffs lack standing to bring their claims against ISBE.

In order for a plaintiff to satisfy the Supreme Court's three-part test for Article III standing,

there must be a showing that "he 1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Gill v. Whitford*, 138 S. Ct. 1916, 1929, 201 L. Ed. 2d 313 (2018).

Here, Plaintiffs have failed to identify even a single instance where the ISBE has failed to comply with any of the laws mentioned in the complaint to ensure fairness in voter registration, and thus have been unable to allege "challenged conduct" of ISBE which caused the alleged harm. Every one of the factual allegations in the Complaint points to conduct by SOS. ISBE is mentioned only in passing, as the sender or recipient of information, but never as failing to fulfill a statutory duty. For this reason, Plaintiffs "fall short in their attempt to establish standing under the guidelines enunciated by the Supreme Court" as to Defendant ISBE. *Hope, Inc. v. DuPage County, Ill.*, 738 F.2d 797, 807-808 (7th Cir. 1984).

## CONCLUSION

For the foregoing reasons, Defendant ISBE moves this Court to dismiss ISBE as a defendant from the instant action.

Respectfully submitted,

ILLINOIS STATE BOARD OF ELECTIONS,

    Defendant,

KWAME RAOUL, Attorney General,
State of Illinois,

Kristina Dion (6312732)                    Attorney for Defendant,
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62701             By:     s/Kristina Dion
(217) 782-5819 Phone                   KRISTINA DION
E-Mail: kdion@atg.state.il.us         Assistant Attorney General
           gls@atg.state.il.us